Michele M. Vercoski, State Bar No. 244010
Yasmin N. Vahid, State Bar No. 331327
**McCUNE LAW GROUP**
**MCCUNE WRIGHT AREVALO VERCOSKI KUSEL WECK BRANDT, APC**
18565 Jamboree Rd., Suite 550
Irvine, CA 92612
Telephone: 909-557-1250
Facsimile: 909-557-1275
Email:  mmv@mccunewright.com

Attorneys for Plaintiffs

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
RYAN L. NILSEN, SB# 310642
   E-Mail: Ryan.Nilsen@lewisbrisbois.com
PALOMA I. MORENO-ACOSTA, SB# 310766
   E-Mail: Paloma.Moreno-Acosta@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY GARCIA, MIA GONZALEZ, and ANDREAS LOPEZ as heirs and survivors of Decedent MARIA LOPEZ; by and through Decedent's Personal Representative, RONNY GARCIA<br><br>           Plaintiffs,<br><br>     v.<br><br><br>ECOLAB INC. and DOES 1-100 inclusive,<br><br>           Defendant(s). | Case No.:  2:22-cv-07895 RGK(PVCx)<br><br>Judge Assigned:  R. Gary Klausner<br>Complaint Filed: October 28, 2022<br><br>**STIPULATED PROTECTIVE ORDER** |

**PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between the parties to the above-entitled action, by and through their respective counsel of record, that the Court may enter the following protective order:

1. **Scope**

All material produced or adduced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, the content of electronically stored information, tangible thing(s), writing, paper, model, photograph, film, videotape, transcript of oral testimony, whether printed, recorded or produced by hand or any other mechanical process and information derived directly therefore (hereinafter collectively "documents") shall be subject to this Stipulated Protective Order (hereinafter "Order") concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**

For the purposes of this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, organizational, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  All documents, testimony and other items designated as Confidential Information, and all copies, summaries, and reproductions of such information, are subject to this Stipulated Protective Order.  Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**

a. A party may designate a document as Confidential information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the said document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of production of disclosure of the document(s). Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENITAL – SUBJECT TO PROTECTIVE ORDER" shall also be marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b. Confidential Information may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, it will be done pursuant to the provisions of Paragraph 8.

i. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" o "Produced Pursuant to Protective Order" on each page of any Document containing such designated Confidential Material.

ii. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs

or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Produced Pursuant to Protective Order."

    iii.    If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

  c.  The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order. Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

**4.   Depositions.**

For Testimony given in depositions the Designating Party may either:

  a.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

  b.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought by serving a Notice of Designation to all parties of record within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party. Thereafter

**PROTECTIVE ORDER**

those portions identified in the Notice of Designation shall be protected under the terms of this Order.

 c. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**5. Protection of Confidential Material**

 a. General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

 b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  (1) Counsel. Counsel for the parties and employees/contractors of counsel who have responsibility for the action, including attorneys, paralegals, secretaries, and other support staff employed by the law firms handling this litigation, and any contract attorneys hired to assist in this litigation;

  (2) Parties. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  (3) The Court and its personnel;

  (4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, but must promptly return any exhibit containing Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by

persons acknowledging their obligations under this Order for a period of three years after the termination of this case. If a document containing Confidential Information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it. The party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and request all copies be returned. If a party learns that it has inadvertently disclosed or produced a protected document so designated by another party, the party who has inadvertently disclosed or produced the protected document shall immediately notify the designated party.

### 6. Serving This Protective Order on a Non-Party

A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

### 7. Inadvertent Failure to Designate

An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document, provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

### 8. Filing of Confidential Information

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with

a motion, brief or other submission to the Court must comply with the Local Rules of this Court.

### 9. Personal Jurisdiction

Any person who reviews the Confidential Information produced subject to this Stipulated Protective Order agrees to the jurisdiction over their person where the above-captioned matter is pending for the purposes of any action seeking to enforce the terms of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

### 10. Challenges by a Party to Designation as Confidential Information

If a party disagrees with the "Confidential" designation of a specific document or thing, within 60 days of receipt, the parties agree to meet and confer with one another to resolve the issue. If the parties are unable to resolve the issue, the party producing the confidential information shall have 30 days from the date the parties complete their meet and confer to file a further protective order establishing that the disputed information is entitled to confidential treatment under this Protective Order. If the party or parties producing the Confidential Information do not timely file a motion for a further protective order, then the Confidential Information in dispute shall no longer be subject to protection under this Protective Order. Until the issue of confidentiality is resolved, either through mutual agreement of the parties or by court intervention, documents designated as Confidential Information shall remain Confidential. The burden is upon the Designating Party to establish that the specific item claimed to be Confidential Information is confidential.

### 11. Order Subject to Modification

If any party wishes to modify this Stipulated Protective Order or its application to certain documents or information, that party shall first request such modification from the party producing Confidential Information and if no satisfactory agreement is reached, may petition the court for modification. Until modification is granted by agreement and/or order, the terms of this Stipulated Protective Order will govern. Provision for use

of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

### 12. Use of Confidential Documents or Information at Trial

Absent further order of the Court with respect to treatment of Confidential Information at trial, this Stipulated Protective Order shall not apply to any materials once they are introduced at trial and made part of the trial record in this case. In the event this matter goes to trial, the parties shall prepare and submit to this Court for entry a separate order regarding treatment of Confidential Information during trial.

### 13. No Greater Protection of Specific Documents

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection. This Stipulated Protective Order shall not be deemed to waive any claim of attorney-client or work product privilege that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that a party may produce.

### 14. Obligations on Conclusion of Litigation

a. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal, except with respect to those documents and information that become a matter of public record.

b. Within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action, each party to this action shall return to counsel for producing party or destroy its original copies of all Confidential documents and information received under this Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information. Each party's counsel will certify by declaration to producing party's counsel that this Stipulated Protective Order has been

complied with by them and their experts/consultants in the form attached as **Exhibit "B."** Such declaration(s) are to be provided to producing party's counsel within sixty (60) days from the entry of final judgment, settlement, or dismissal in connection with this action.

**15.   Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms, and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.   Failure to abide by the terms of this Stipulated Protective Order may result in a motion for sanctions, costs, and attorney's fees, and any other appropriate legal action by or on behalf of any party.   Any termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

DATED: August 3, 2023                    MCCUNE LAW GROUP


By:    */s/ Michele M. Vercoski*
MICHELE M. VERCOSKI
YASMIN N. VAHID
ATTORNEYS FOR PLAINTIFFS

1  DATED:  August 3, 2023                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                             By:  */s/ Paloma I. Moreno-Acosta*
                                             RYAN L. NILSEN
                                             PALOMA I. MORENO-ACOSTA
                                             ATTORNEYS FOR DEFENDANT, ECOLAB INC.

**IT IS SO ORDERED** that the forgoing Agreement is approved.

DATED:  August 7, 2023

                                             Honorable Pedro V. Castillo
                                             United States Magistrate Judge

**PROTECTIVE ORDER**

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Ronny Garcia v. Ecolab, Inc. Case No. 2:22-cv-07895 RGK(PVCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B
# DECLARATION ASSERTGING COMPLIANCE WITH DESTRUCTION AND RETURN PROTOCOLS PURSUANT TO PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Ronny Garcia v. Ecolab, Inc. Case No. 2:22-cv-07895 RGK(PVCx). I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Confidentiality Agreement and Protective Order and submit to the jurisdiction of the court in which h this matter is pending for any proceedings with respect to said Stipulated Confidentiality Agreement and Protective Order. I hereby certify that I have fully complied with all obligations pursuant to Paragraph 14(b) of the Stipulated Protective Order and have returned to counsel for producing party or destroyed original copies of all Confidential documents and information received under the Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**PROTECTIVE ORDER**